**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **Case No. 6:26-CR-00032-1-ADA** |
| | § | |
| **JUAN CARLOS CABRAL** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I.  PROCEDURAL BACKGROUND**

On April 13, 2021, Juan Carlos Cabral was sentenced to three counts of possession with intent to distribute controlled substance within a protected location in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 860 and one count of possession with intent to distribute controlled substance within a protected location in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) and 860. The defendant was sentenced to fifteen (15) months imprisonment as to each counts 1, 2, 3, and 4 to be served concurrently with each other, six (6) years supervised release as to counts 1 through 3 and four (4) years supervised release as to count 4 to be served concurrently with each

other, and $400 Special Assessment. Mr. Cabral began the term of supervised release on December 30, 2021.

On November 21, 2023, an arrest warrant was issued by Senior Judge Francisco A. Besosa as to Juan Carlos Cabral. Initial Appearance regarding Revocation of Supervised Release as to Juan Carlos Cabral was held on December 21, 2023.  On February 13, 2026, a Transfer of Jurisdiction was filed, and this case was transferred from the District of Puerto Rico to the Western District of Texas, Waco Division.

On March 18, 2026, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision in the following ways:

**Violation Number 1:** "You must not commit another federal, state or local crime."

**Violation Number 2:** "You must not unlawfully possess a controlled substance."

**Violation Number 3:** "You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court."

**Violation Number 4:** "You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer."

**Violation Number 5:** "He shall not possess or use controlled substances unlawfully, and shall submit to a drug test within fifteen (15) days of release from imprisonment; after his release, Mr. Cabral shall submit to random drug testing, not less than three (3) samples during the supervision period, but not to exceed 104 samples per year, in accordance with the Drug Aftercare Program Policy of the United States Probation Office as has been approved by this Court. If the illegal use of controlled substances is detected in any sample, Mr. Cabral shall participate in an inpatient or an outpatient substance abuse treatment program, for evaluation or treatment, as arranged by the U.S. Probation Officer; payment shall

be based on his ability to pay or the availability of payments by third parties, as approved by the Court."

On March 24, 2026, the Court held a hearing on the petition. At the hearing, the defendant pled NO CONTEST to Violation Numbers 1 through 5. The petition contained a sufficient factual basis to support a plea of NO CONTEST to Violation Numbers 1 through 5.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of the defendant and other testimony at the hearing, the undersigned finds as follows:

1.     The defendant violated the conditions of his supervision as alleged in the petition.

2.     The defendant was competent to make the decision to enter a plea of NO CONTEST to Violation Numbers 1 through 5.

3.     The defendant had both a factual and rational understanding of the proceedings against him.

4.     The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5.     The defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.     The defendant was sane and mentally competent to stand trial for these proceedings.

7.     The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.   The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9.   The defendant understood the petition and the charges alleged against him.

10.  The defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11.  The defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12.  The defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13.  The defendant freely, intelligently, and voluntarily entered his plea of NO CONTEST to Violation Numbers 1 through 5.

14.  The defendant understood his statutory and constitutional rights and desired to waive them.

15.  The petition contains a sufficient factual basis to support the defendant's pleas of NO CONTEST to Violation Numbers 1 through 5.

## III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that defendant's term of supervised release be **REVOKED** and he be sentenced to twelve (12) months in custody with credit for time served and no supervised release to follow.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 24th day of March, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE